**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-143 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CHARLES SULLIVAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**ORDER DENYING MOTION TO AMEND BOND CONDITIONS (DOC. 26)**

---

This case is before the Court on the Motion to Amend Bond Conditions (Doc. 26) filed by Defendant Charles Sullivan. The Government filed a memorandum in opposition to Mr. Sullivan's motion, in response to which he has filed a reply. (*See* Docs. 27, 28.) This matter is thus ripe for review.

### BACKGROUND

The Indictment alleges that, on or about September 15, 2020, Mr. Sullivan, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Glock 35 .40 caliber handgun, and that the firearm was in and affecting commerce. (Doc. 3.) On November 23, 2020, Magistrate Judge Stephanie K. Bowman entered an order setting the conditions of Mr. Sullivan's release pending trial. (Doc. 14.)

On January 4, 2021, the Court granted an unopposed motion to amend Mr. Sullivan's bond conditions to reduce his home detention restriction to curfew. (Doc. 22

at PageID# 54.)  In the instant motion, Mr. Sullivan additionally requests removal of the location monitoring condition of his bond.

## ANALYSIS

Mr. Sullivan requests modification of his bond conditions based on his compliance with those conditions and his Pretrial Services Officer's recommendation. He has maintained gainful employment, reported to his Pretrial Officer as directed, and complied with the location monitoring program (the condition he wishes to remove). The Pretrial Services Officer opined that location monitoring is no longer necessary and, to the contrary, poses a potential hindrance to Mr. Sullivan's overall success.  This is because, due to the curfew condition, Mr. Sullivan does not have healthy outlets for dealing with his stress.  If, for example, Mr. Sullivan were permitted to leave his house in the evenings, he could manage his stress by going to the gym or taking a walk outside.

The Government opposes the modification on the grounds that Mr. Sullivan is charged with being a felon in possession of a firearm.  He knew that he was not permitted to have a firearm, due to a burglary conviction and other offenses, yet purchased one anyway.  In other words, Mr. Sullivan is before the Court because he knowingly violated federal law.  The Government's position is that this conduct does not support providing Mr. Sullivan the ability to leave his home at night while on pretrial supervision.

The Government also cites facts suggesting that Mr. Sullivan might have been engaged in drug trafficking prior to his arrest.  He has a separate criminal case pending

2

in Hamilton County, in which he is charged with possession of fentanyl.  Yet, the Government notes that Mr. Sullivan has not admitted to using fentanyl, only alcohol and marijuana.  Thus, the fentanyl must have been for sale, not consumption.  Mr. Sullivan's counsel claims, however, that closer inspection of the docket in the Hamilton County case reveals that the drugs at issue are marijuana and cocaine—both of which Mr. Sullivan has used in the past.

The Court must consider the factors set forth in 18 U.S.C. § 3142(g) when determining whether there are conditions of release that will reasonably assure the appearance of a defendant as required and the safety of the community.  Those factors include the nature and circumstances of the offense charged, the weight of evidence against the person, the person's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g)(1)-(4).  The Court appreciates that Mr. Sullivan has complied with the terms of his supervised release and found gainful employment.  Nevertheless, he is charged with prohibited possession of a firearm and has a history of drug use and possession.  There can be no reasonable dispute that the Glock .40 caliber handgun that he unlawfully possessed is capable of causing serious injury or death.  Providing Mr. Sullivan a nighttime outlet for stress reduction does not outweigh his criminal history.  The Court therefore must deny his motion to amend bond conditions.

## CONCLUSION

For the reasons above, the Motion to Amend Bond Conditions (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4